UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE OTWORTH,

       Plaintiff,                                    Hon. Gordon J. Quist

v.                                                  Case No. 1:11-cv-206

WILLIAMS, HUGHES
and COOK, PPLC, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this matter on March 2, 2011, against Shon Cook, Susan Franklin, Williams, Hughes and Cook, PPLC (the firm for which Cook and Franklin are employed) and the Honorable Harold Closz, III.  Having granted Plaintiff's motion to proceed as a pauper, the Court has conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted.  Having conducted this initial review, the undersigned recommends that Plaintiff's complaint be dismissed.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

As the Supreme Court more recently held, to satisfy this Rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S.Ct. 1937, 1949 (2009).  This plausibility standard "is not akin to

a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 1949-50 (internal citations omitted).

When evaluating a complaint under Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, and items appearing in the record of the case. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also*, *Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

Plaintiff alleges that on June 28, 1967, the Muskegon County Board of Supervisors illegally incorporated the Village of Lakewood Club. Plaintiff alleges that the Village's subsequent actions to enact zoning ordinances and levy property taxes are illegal. Plaintiff alleges that the Village Council has illegally used public funds for private purposes, such as the promotion of Christmas coloring and essay contests.

According to Plaintiff, on October 1, 2010, he initiated legal action in Muskegon County Small Claims Court against Village Treasurer Lisa Swanson, alleging that the Village lacked the ability under Michigan law to levy and collect property taxes. Swanson, represented by Shon Cook and Susan Franklin, removed the matter to 60th District Court where it was assigned to the Honorable Harold Closz, III. Swanson later filed a motion for summary disposition which Judge Closz granted on February 9, 2011. On March 2, 2011, Plaintiff initiated the present action in which he alleges that the decision by Judge Closz was based on untruthful statements by Cook and Franklin and violated his right to procedural due process. Plaintiff also claims that as a result of the illegal incorporation of the Village of Lakewood Club he "has suffered mentally, physically, and financially for 43 years."

Unlike state courts, which are courts of general jurisdiction, the federal courts are courts of limited jurisdiction. A significant limitation upon the jurisdiction of the federal district courts is that such courts are precluded from reviewing judgments of the state courts. As the Supreme Court has long recognized, the jurisdiction of the federal district courts is "strictly original" and, therefore, only the United States Supreme Court can "entertain a proceeding to reverse or modify" a judgment entered by a state court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). To the extent Plaintiff is challenging the outcome of the aforementioned state court action, this Court lacks jurisdiction over such claims. Accordingly, the undersigned recommends that such claims be dismissed.

To the extent that Plaintiff alleges a violation of his procedural due process rights, such allegations likewise fail to state a claim on which relief may be granted. As is well recognized, "[n]otice and an opportunity to be heard represent the essence of due process." *Hodgins v. United States Department of Agriculture*, 2000 WL 1785733 at *30 (6th Cir., Nov. 20, 2000) (citing *Yellow Freight System, Inc. v. Martin*, 954 F.2d 353, 357 (6th Cir. 1992)). Plaintiff acknowledges that he was afforded an opportunity to respond to Swanson's motion for summary disposition and, moreover, that Judge Closz conducted a hearing on the motion and that he participated in such. Plaintiff's allegations, even accepted as true, do not "raise a right for relief above the speculative level." The undersigned recommends, therefore, that such claims be dismissed.

Plaintiff's claims against Judge Closz must also be dismissed on judicial immunity grounds. Judge Closz is entitled to judicial immunity for actions taken in his capacity as a judge. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir. 2001). As Judge Closz's decision to grant Swanson's motion for summary disposition was undertaken in his judicial capacity, he is entitled to immunity from claims resulting therefrom. Accordingly, the undersigned recommends that Plaintiff's claims against Judge Closz be dismissed, in the alternative, on judicial immunity grounds.

Finally, Plaintiff's claims that he has "suffered mentally, physically, and financially" as a result of the illegal incorporation of the Village of Lakewood Club do not implicate federal law, but instead sound in Michigan tort law. While the Court *could* retain jurisdiction over Plaintiff's state law claims, the undersigned recommends that these claims be dismissed without prejudice.

Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original

jurisdiction."  Indeed, "if the federal claims are dismissed before trial. . .the state claims should be dismissed as well."  *Taylor v. First of America Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also*, *Wojnicz v. Davis*, 2003 WL 21774162 at *3 (6th Cir., July 29, 2003) (same).  Accordingly, the undersigned recommends that the Court decline to exercise jurisdiction over Plaintiff's state law claims and instead dismiss such without prejudice so that Plaintiff may pursue them in the appropriate state forum.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's federal law claims be **dismissed with prejudice** for failure to state a claim on which relief may be granted.  The undersigned further recommends that the Court decline to exercise jurisdiction over Plaintiff's state law claims and that such be **dismissed without prejudice**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date:  March 23, 2011                                         /s/ Ellen S. Carmody
                                                              ELLEN S. CARMODY
                                                              United States Magistrate Judge