**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CLARENCE OTWORTH,

        Plaintiff,

    vs.

WILLIAMS, HUGHES & COOK, PLLC,
a corporation, and HAROLD F. CLOSZ, III,
SHON A. COOK, SUSAN M. FRANKLIN,
Individuals,

        Defendants.

_____/

File No. 1:11-cv-206

Hon. Gordon J. Quist
United States District Judge

Clarence M. Otworth, *In Propria Persona*
187 E. Daniels Road
Twin Lake, MI 49457
Telephone:  231-292-1065

Theodore N. Williams, Jr. (P32291)
Eric C. Grimm (P58990)
Attorneys for All Defendants
120 West Apple Avenue; P.O. Box 599
Muskegon, MI 49443-0599
Telephone:  231-726-4857
Fax:  231-727-2130
E-mail:  tedwilliams@whcspc.com
_____/

**DEFENDANTS' RESPONSE TO PLAINTIFF CLARENCE OTWORTH'S**
**OBJECTIONS TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

NOW COME ALL DEFENDANTS, and respectfully respond to the "Plaintiff's

Objection to the Magistrate's Report and Recommendation" (Doc. No. to be determined), signed

by Plaintiff Clarence Otworth on March 28, 2011, and served on counsel for the Defendants, the

same day it was signed.  The Plaintiff's March 28 filing, will undoubtedly be docketed in the

very near future, but no docket entry number has yet been assigned to it.  Defendants all

respectfully pray that this honorable Court overrule Otworth's objection filing, and proceed as

recommended by the Magistrate Judge, with modifications as discussed below.  Defendants also respectfully suggest and propose that this honorable Court, on its own initiative, <u>see</u> FED. R. CIV. P. 11(c)(3); 28 U.S.C. § 1927; <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32 (1991), issue a show-cause order[1] to Plaintiff Otworth, instructing him to explain why sanctions should not be imposed.  <u>See</u> Doc. Ent. 15, at 19-20 (explaining the issue of sanctions at greater length).

Specifically, Defendants and counsel are doubtful that a monetary sanction, if imposed, is likely to be sufficiently cost-effective to collect, that it will actually serve as an effective and credible deterrent against further abusive litigation by Otworth.   However, Defendants respectfully suggest that an order restricting Otworth's future federal court filings, and subjecting him to a mandatory pre-filing review process, would be appropriate and beneficial.

As explained in <u>Atchison v. Farrell</u>, No. 99-2469, 230 F.3d 1357 (Table), 2000 WL 1359651, at *2 (6th Cir. Sept. 15, 2000):

> The Sixth Circuit has recognized that a district court may properly require prolific litigators to obtain leave of court before accepting any further complaints for filing, <u>see</u> <u>Filipas v. Lemons</u>, 835 F.2d 1145, 1146 (6th Cir. 1987) (order), and may deny a vexatious litigant permission to proceed *in forma pauperis*.  <u>See</u>, <u>e.g.</u>, <u>Reneer v. Sewell</u>, 975 F.2d 258, 260-61 (6th Cir. 1992).  The imposition of these prospective orders has been upheld where a litigant has demonstrated a "history of unsubstantial and vexatious litigation [amounting to] an abuse of the permission granted to him to proceed as a pauper in good faith under 28 U.S.C. § 1915(d)." <u>Maxberry v. SEC</u>, 879 F.2d 222, 224 (6th Cir. 1989).  <u>See also</u> <u>In re McDonald</u>, 489 U.S. 180 (1989).

---

[1]Defendants respectfully reserve the right to file a motion, as permitted by Rule 11(c)(2), seeking the same or similar relief.  However, the issuance of a show-cause order by the Court enables a remedy to be granted much more expeditiously, and will not hold up dismissal.

Id.; see also Walker v. Lifeskills, Inc., 113 Fed. Appx. 87, 89-90 (6th Cir. 2004); Huntington Banks of Michigan v. Metro Passbook, Inc., No. 94-1646; 43 F.3d 1472 (Table); 1994 WL 705042 (6th Cir. Dec. 14, 1994); McGee v. United States, No. 1:08-cv-88; 2010 WL 1462518 at *3 (W.D. Mich. Apr. 12, 2010) (Maloney, C.J.); cf. Modena v. Federal Home Loan Mortgage Corp., No. 1:08-cv-887, 2009 WL 799072 (W.D. Mich. Mar. 23, 2009) (describing serial litigant's court filings as "relentlessly frivolous"), aff'd, No. 09-1423 (6th Cir. Nov. 16, 2010); Modena v. Modena, No. 1:08-cv-107, 2008 WL 4756031 (W.D. Mich. Oct. 22, 2008) (same).

Given Plaintiff Otworth's litigation history in Michigan state court, this court, and other courts, see Doc Ent. 15, at 2-4, 6-7 & n.7 (detailing Otworth's litigation history, including prior monetary sanctions ordered by various courts), a pre-filing review order by this Court would appear reasonable and appropriate.

Turning to the Magistrate Judge's proposed resolution of this litigation, as the Court knows, Magistrate Judge Carmody, on March 23, 2011, see (Doc. Ent. 12), issued a Report and Recommendation, addressing the core federal claims asserted by Plaintiff Otworth.  She correctly recognized that this lawsuit involves a collateral attack in federal court, on a state-court judgment, which judgment Otworth did not timely appeal even though the Michigan Court Rules authorized him to take such an appeal.  Accordingly, Magistrate Judge Carmody correctly recognized that Otworth has serious problems with federal subject-matter jurisdiction, under the Rooker-Feldman Doctrine.  See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); see also Doc. Ent. 12, at 3; Doc Ent. 15, at 7 (also addressing Rooker-Feldman issues).

Magistrate Judge Carmody also correctly recognized that, insofar as any federal claims by Otworth, against Hon. Harold F. Closz, III (a sitting judge of Michigan's 60th District Court,

who issued the state court judgment that triggered this lawsuit), may be concerned, absolute judicial immunity applies. See Doc. Ent. 12, at 4; see also Doc. Ent. 15, at 5-6 & nn. 4, 6 (explaining in greater detail why Magistrate Judge Carmody's immunity analysis is exactly correct). Additional immunity defenses, available to the Defendants other than Closz, also are worthy of consideration under the circumstances. See Doc. Ent. 15, at 12-13 & n. 15.

The Magistrate Judge, after concluding that Otworth has no viable federal cause of action, recommended that any supplemental claims based on state law (such as claims for emotional distress) also be dismissed. See Doc. Ent. 12, at 4-5 (citing 28 U.S.C. § 1367(c)(3)). Although we respectfully disagree with Magistrate Judge Carmody's apparent assumption that any viable state law claims might arguably exist, see Doc. Ent. 15 (explaining why all of Otworth's legal theories, state or federal, fail as a matter of law), Defendants certainly agree that no federal cause of action is viable, and that 28 U.S.C. § 1367, provides an appropriate and reasonable method for declining to exercise supplemental jurisdiction over any state-law causes of action. Moreover, footnote 7, on pages 6-7 of Doc. Ent. 15, identifies additional reasons why this Court is obligated to require Otworth to pursue certain zoning-related issues in Michigan state fora, before proceeding with any litigation in federal court. Of course, serious res judicata issues must also be overcome by Otworth, as a pre-condition for seeking to litigate about zoning issues that already have been addressed before this honorable Court. Id.

The same day (March 23, 2011) as the issuance of Magistrate Judge Carmody's Report and Recommendation, Plaintiff Otworth signed and served on Defendants, what purports to be an Amended Complaint, adding a civil RICO claim, as an additional federal cause of action. The March 23, 2011, Amended Complaint, however, does not yet appear to have been assigned a docket entry number, or docketed by the Clerk of Court.

We do not believe that Otworth's filing of his Amended Complaint, changes anything. Simply put, as explained in the Defendants' recent filing, see (Doc. Ent 15, at 9) (citing Dana Corp. v. Blue Cross & Blue Shield Mut. of Northern Ohio, 900 F.2d 882 (6th Cir. 1990), and FED. R. CIV. P. 9(b)), Otworth has not met the threshold standard established by the Sixth Circuit, actually to plead a civil RICO cause of action, based on predicate allegations of "mail fraud."  Even more importantly, it would be completely futile to allow Otworth to correct any deficiencies in his pleadings, because even if he were to include properly-detailed allegations of mail fraud and civil RICO, still any and all such claims would necessarily be barred by the applicable four-year statute of limitations.  See Doc. Ent. 15, at 9 & nn. 10, 11 (citing Rotella v. Wood, 528 U.S. 549, 554 (2000)).

Accordingly, Magistrate Judge Carmody's proposed resolution of this lawsuit remains correct.  All federal claims are subject to dismissal on the face of the pleadings, and 28 U.S.C. § 1367, can reasonably be employed as a means to direct Otworth to seek a resolution in state court (if at all) of any supplemental state-law claims.

That said, Defendants and counsel expressly caution Mr. Otworth, that we are not aware of any non-frivolous state-law cause of action, that Otworth ever has asserted or ever might assert.  If Otworth actually files a follow-up lawsuit in state court, Defendants reserve the right to seek sanctions and all other appropriate remedies that may exist.  However, that is an issue for the state courts to decide, not this honorable Court.

Otworth's March 28, 2011, "Objection" to the Magistrate Judge's Report and Recommendation, adds nothing to the discussion.  Mostly, Otworth expresses some strong emotions that he feels about Magistrate Judge Carmody, personally.  His personal emotional state does not change the reality that his lawsuit lacks substantive merit.  Otworth's selective

agreement with Judge Closz, on the issue of subject-matter jurisdiction, is addressed on Pages 5-6 & nn. 4, 6, of the already-submitted Memorandum of Law, submitted by the Defendants (Doc. Ent. 15).  Needless to say, Judge Closz **clearly had** both sanctions jurisdiction, and jurisdiction to address the threshold question of whether the 60th District Court had subject-matter jurisdiction.  Id.  Thus, Otworth's only new argument, is without merit.  Id.

In short, Otworth's March 28, 2011, "Objection," does not offer any valid or persuasive reason, to depart from the Report and Recommendation of Magistrate Judge Carmody. Otworth's March 28, 2011, "Objection" should be overruled, and this honorable Court should dismiss all of Otworth's claims on the merits.  See Doc. Ent. 15 (explaining why all claims should be dismissed on the merits).  Alternatively, this Court may elect, as the Magistrate Judge has recommended, to dismiss all of Otworth's federal claims on the merits, and then decline to exercise supplemental jurisdiction over any state-law claims asserted by Otworth.

Defendants respectfully repeat their suggestion that the Court, in the process of dismissing most or all of Otworth's claims in this lawsuit, issue a show-cause order to Otworth, and entertain the possibility of using the Court's sanctions authority (including its inherent power), to require the advance screening of any future federal filings by Otworth, as a pre-condition for his ever being permitted to file future papers in the Western District of Michigan.

## <u>CONCLUSION</u>

For the reasons set forth above, all Defendants respectfully pray that Otworth's March 28, 2011 "Objections" to the Magistrate Judge's March 23, 2011, Report and Recommendation, be OVERRULED, that the Magistrate Judge's Report and Recommendation be ADOPTED, with modifications, and that Otworth's entire lawsuit be dismissed on the merits.  Defendants also respectfully pray for such other and further relief, as may be just and proper.

Respectfully submitted,

Dated: April 4, 2011

/s/ Eric C. Grimm
Theodore N. Williams, Jr. (P32291)
Eric C. Grimm (P58990)
WILLIAMS, HUGHES & COOK, PLLC
120 West Apple Avenue
P.O. Box 599
Muskegon, MI  49443-0599
231.727.2111
Fax:  231.727.2130
E-mail: ecgrimm@whcfirm.com

COUNSEL FOR DEFENDANTS.

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing Defendants' Response to Plaintiff Clarence Otworth's Objections to Report and Recommendation of Magistrate Judge, was filed through the Court's ECF system, on April 4, 2011. Because the following party is not participating in the ECF system, the Defendants' Response to Plaintiff Clarence Otworth's Objections to Report and Recommendation of Magistrate Judge, is being served on him, by First Class Mail, postage prepaid, on April 4, 2011:

Clarence M. Otworth, *In Propria Persona*
187 E. Daniels Road
Twin Lake, MI 49457

Respectfully submitted,

 /s/ Eric C. Grimm
Theodore N. Williams, Jr. (P32291)
Eric C. Grimm (P58990)
WILLIAMS, HUGHES & COOK, PLLC
120 West Apple Avenue; P.O. Box 599
Muskegon, MI 49443-0599
Telephone: 231-726-4857
Fax: 231-727-2130
E-mail: ecgrimm@whcfirm.com

COUNSEL FOR DEFENDANTS.