FILED - GR
April 19, 2011 10:18 AM
Tracey Cordes, Clerk
U.S. District Court
Western District of Michigan
By: elc/_____ Scanned By elc/ 4/19/11

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE OTWORTH,

  Plaintiff,

vs

WILLIAMS, HUGHES & COOK, PLLC
a corporation, and HAROLD F. CLOSZ, III,
SHON A. COOK, SUSAN M. FRANKLIN,
individuals,

  Defendants.
_____/

File No. 1:11-cv-00206-GJQ

Gordon J. Quist
U.S. District Judge

Clarence Otworth, In Pro Per
187 E. Daniels Road
Twin Lake, MI 49457
Telephone: 231-292-1065

Theodore N. Williams, Jr. (P32291)
Eric C. Grimm (P58990)
Attorneys for all Defendants
120 W. Apple Avenue, P.O. Box 599
Muskegon, MI 49443-0599
Telephone: 231-726-4857
_____/

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE

  NOW COMES the Plaintiff, Clarence Otworth, and respectfully reminds the court that a motion to strike will not be allowed unless there is a very clear reason to do so.

1. The Defendants' stated:

> "In Otworth's view, sometime in June, 1967, the then members of the Muskegon County Board of Supervisors hatched a conspiracy with then-members of the Dalton Township Board of Supervisors, to form the Village of Lakewood Club, using a procedure that Otworth personally believes was not then authorized by Michigan law."

Otworth said no such thing! Defendants Theodore N. Williams, Jr., and Eric C. Grimm, attorneys for all Defendants, fabricated the above statement. Is this a very clear reason to allow a motion to strike? We don't think so!

This is what Otworth said:

> "He said the compulsory incorporation of Lakewood Club was a premeditated fraud perpetrated by Attorneys Allan E. Vander Ploeg, Harry J. Knudsen, William J. Balgooyen, Cyrus M. Poppen, and R. Burr Cochran. Vander Ploeg was the Attorney for Petitioners, Knudsen was Corporate Counsel for Muskegon County. He allegedly explained the General Law Village Act, 1895 PA 3, MCL 61.1 et seq., as amended, and the Home Rule Village Act, 1909 PA 278, MCL 78.1 et seq., as amended, to the Muskegon County Board of Supervisors. Balgooyen, Poppen, and Cochran were on the Legislative and Judiciary Committee, and the only attorneys on the Muskegon County Board of Supervisors. Vander Ploeg and Knudsen, private parties, under color of law, invoked the aid of state officials (Balgooyen, Poppen, and Cochran) to help them secure the application of a superseded state law so plainly unconstitutional as to enjoy no presumption of validity: Chapter One, Incorporation, of the General Law Village Act."

Is this a very clear reason to allow a motion to strike? We don't think so!

2. Otworth claimed that the attorneys (Vander Ploeg, Knudsen, Balgooyen, Poppen, and Cochran) duped the Supervisors into believing that they had the authority to incorporate villages. Is this a very clear reason to allow a motion to strike? We don't think so!

3. Otworth claimed that on June 28, 1967, the Muskegon County Board of Supervisors compulsorily incorporated the Village of Lakewood Club under the General Law Village Act, as amended. Is this a very clear reason to allow a motion to strike? We don't think so!

4. Otworth claimed the compulsory incorporation of the Village of Lakewood Club was an unconstitutional act, a crime, because compulsory incorporations have been unconstitutional since September 01, 1909. Is this a very clear reason to allow a motion to strike? We don't think so!

5. Otworth claimed that there are no provisions for the incorporation of villages in the General Law Village Act, 1895 PA 3, MCL 61.1 et seq., as amended. Is this a very clear reason to allow a motion to strike? We don't think so!

6. Otworth claimed that the only law in Michigan that has provisions for the incorporation of villages is the Home Rule Village Act, 1909 PA 278, MCL 78.1 et seq., as amended. Is this a very clear reason to allow a motion to strike? We don't think so!

7. Otworth claimed that Chapter One, Incorporation, of the General Law Village Act, 1895 PA 3, MCL 61.1 et seq., which allowed compulsory incorporations, was superseded as to new incorporations by



the Home Rule Village Act, 1909, PA 278, MCL 78.1 et seq., on September 01, 1909. Is this a very clear reason to allow a motion to strike? We don't think so!

8.  Otworth claimed that every County Board of Supervisors in Michigan lost their authority to incorporate villages on September 01, 1909, when the Home Rule Village Act, 1909 PA 278, MCL 78.1 et seq., went into effect because the Home Rule Village Act requires an election to be held on the question of incorporation by the qualified electors affected by a proposed incorporation. Is this a very clear reason to allow a motion to strike? We don't think so!

9.  Otworth claimed every incorporated village in Michigan is required to have a Village Charter. Is this a very clear reason to allow a motion to strike? We don't think so!

10. Otworth claimed that every village incorporated in Michigan before the Home Rule Village Act went into effect on September 01, 1909, was incorporated under Chapter One, Incorporation, of the General Law Village Act. Is this a very clear reason to allow a motion to strike? We don't think so!

11. Otworth claimed that every village incorporated under Chapter One, Incorporation, of the General Law Village Act, may adopt the General Law Village Act, as amended, as their Village Charter. Is this a very clear reason to allow a motion to strike? We don't think so!

12. Otworth claimed Lakewood Club's Village Council adopted the General Law Village Act, as amended, as Lakewood Club's Village Charter. Is this a very clear reason to allow a motion to strike? We don't think so!

13. Otworth claimed the Village of Lakewood Club was not incorporated before September 01, 1909. Is this a very clear reason to allow a motion to strike? We don't think so!

14. Otworth claimed the Village of Lakewood Club was not incorporated under Chapter One, Incorporation, of the General Law Village Act. Is this a very clear reason to allow a motion to strike? We don't think so!

15. Otworth claimed the Village of Lakewood Club was not incorporated under the General Law Village Act, as amended. Is this a very clear reason to allow a motion to strike? We don't think so!

16. Otworth claimed the Village of Lakewood Club was not incorporated under the Home Rule Village Act, as amended. Is this a very clear reason to allow a motion to strike? We don't think so.

17. Otworth claimed the Village of Lakewood Club was not incorporated. Is this a very clear reason to allow a motion to strike? We don't think so!

18. Otworth claimed that the Village Charter adopted by Lakewood Club's Village Council was not approved by a majority vote of qualified electors as required by the Home Rule Village Act, as amended. Is this a very clear reason to allow a motion to strike? We don't think so!

19. Otworth claimed that the Village Council's adoption of the General Law Village Act, as amended, as Lakewood Club's Village Charter, was an unconstitutional act – a crime. Is this a very clear reason to allow a motion to strike? We don't think so!

20. Otworth claimed the Village of Lakewood Club has been operating without a Village Charter for 43 years. Is this a very clear reason to allow a motion to strike? We don't think so!

21. Otworth claimed the Village Attorneys have known that Lakewood Club is not incorporated (at least) since Otworth discovered the fraud in September 2001. Is this a very clear reason to allow a motion to strike? We don't think so!

22. Otworth claimed the Village Attorneys have known that Lakewood Club is operating without a Village Charter (at least) since Otworth discovered the fraud in September 2001. Is this a very clear reason to allow a motion to strike? We don't think so!

23. Otworth claimed Village Attorneys know Michigan law prohibits unincorporated villages from enacting zoning ordinances. Is this a very clear reason to allow a motion to strike? We don't think so!

24. Otworth claimed that the Village Attorneys know Lakewood Club enacts zoning ordinances. Is this a very clear reason to allow a motion to strike? We don't think so!

25. Otworth claimed that the Village Attorneys ignored the fact that Lakewood Club is breaking the law by enacting zoning ordinances. Is this a very clear reason to allow a motion to strike? We don't think so!

4

26. Otworth claimed the Village Attorneys know Michigan law prohibits unincorporated villages from levying property taxes. Is this a very clear reason to allow a motion to strike? We don't think so!

27. Otworth claimed that the Village Attorneys know Lakewood Club levies a village property tax. Is this a very clear reason to allow a motion to strike? We don't think so!

28. Otworth claimed that the Village Attorneys ignored the fact that Lakewood Club is breaking the law by levying a village property tax. Is this a very clear reason to allow a motion to strike? We don't think so!

29. Otwoth claimed the Village Attorneys know Michigan law prohibits unincorporated villages from receiving a share of Michigan's tax revenue. Is this a very clear reason to allow a motion to strike? We don't think so!

30. Otworth claimed that the Village Attorneys know Lakewood Club receives a share of Michigan's tax revenue. Is this a very clear reason to allow a motion to strike? We don't think so!

31. Otworth claimed that the Village Attorneys ignored the fact that Lakewood Club is breaking the law by receiving a share of Michigan's tax revenue. Is this a very clear reason to allow a motion to strike? We don't think so!

32. Otworth claimed that in July 2002, Lakewood Club's Village Council voted to give public funds to Debra K. Genson, the Village Clerk, so she could take a class in basic accounting at Muskegon Community College. Is this a very clear reason to allow a motion to strike? We don't think so!

33. Otworth claimed that the use of public funds for private purposes is a crime that it violates Article 7, Section 26, of the 1963 Michigan Constitution. Is this a very clear reason to allow a motion to strike? We don't think so!

34. Otworth claimed that in November 2004, Defendant Cook asked Lakewood Club's Village Council to consider sending her to a seminar concerning zoning and land use law. Is this a very clear reason to allow a motion to strike? We don't think so!



5

35. Otworth claimed that on November 29, 2004, Lakewood Club's Village Council voted to give Defendant Cook the public funds that she requested so she could attend the seminar. Is this a very clear reason to allow a motion to strike? We don't think so!

36. Otworth claimed that Defendant's Cook's request for public funds looked suspiciously like blackmail. Is this a very clear reason to allow a motion to strike? We don't think so!

37. Otworth claimed that Lakewood Club's gift of public funds to Defendant Cook was a crime. Is this a very clear reason to allow a motion to strike? We don't think so!

38. Otworth claimed that Lakewood club's Village Council routinely votes to give public funds to each other for private purposes such as expenditures for essay contests, coloring contests, best lighting contests, best looking yard contests, best costume contests, cash prizes, gifts, clown costumes, the purchase of yard sale signs, parades, fireworks, festivals, and for afternoon parties at the park with hot dogs, chips and pop. Is this a very clear reason to allow a motion to strike? We don't think so!

39. Otworth claimed that the Village Attorneys failure to advise Lakewood Club to stop breaking the law proves complicity, and they should each be disbarred and prosecuted for aiding and abetting the crimes that Lakewood Club commits under color of law. Is this a very clear reason to allow a motion to strike? We don't think so!

40. Otworth claimed that the Village of Lakewood Club commits Mail Fraud every June when it sends a Tax Bill through the U.S. Mail to the approximately 600 people in the United States who own property in the Village of Lakewood Club. Is this a very clear reason to allow a motion to strike? We don't think so!

41. Otworth claimed that the Village of Lakewood Club extorts a village property tax from him every July which he pays by check – and writes the words "Paid under Duress – Lakewood Club is not incorporated." Is this a very clear reason to allow a motion to strike? We don't think so!

42. Otworth claimed that on October 01, 2010, he filed a complaint against Lisa Swanson, the alleged Treasurer of Lakewood Club, in the Muskegon County Small Claims Court. Is this a very clear reason to allow a motion to strike? We don't think so!

43. Otworth claimed that the Village of Lakewood Club could not levy a Village Property tax because Lakewood Club was not an incorporated village. Is this a very clear reason to allow a motion to strike? We don't think so!

44. Otworth claimed that Defendants Cook and Franklin removed the case to the 60th District Court. Is this a very clear reason to allow a motion to strike? We don't think so!

45. Otworth claimed that on October 13, 2010, Defendants Cook and Franklin filed an Answer to his Complaint for Defendant Lisa Swanson. Is this a very clear reason to allow a motion to strike? We don't think so!

46. Otworth claimed that on November 14, 2010, Defendants Cook and Franklin filed a motion for Summary Disposition for Defendant Lisa Swanson. Is this a very clear reason to allow a motion to strike? We don't think so!

47. Otworth claimed that on December 05, 2010, he filed a 45 page Memorandum of law in Opposition to Defendant Lisa Swanson's Motion for Summary Disposition. Is this a very clear reason to allow a motion to strike? We don't think so!

48. Otworth claimed that at the December 13, 2010, hearing on Defendant Lisa Swanson's Motion for Summary Disposition, Defendant Franklin claimed Otworth never responded to the Motion. Is this a very clear reason to allow a motion to strike? We don't think so!

49. Otworth claimed that he said, "What do you mean I never responded to the Motion – didn't you receive my Memorandum?" Is this a very clear reason to allow a motion to strike? We don't think so!

50. Otworth claimed that Defendant Franklin responded by saying NO! Is this a very clear reason to allow a motion to strike? We don't think so!

51. Otworth claimed that Defendant Judge Closz smiled at him and boasted: **"I received a copy of the Memorandum – but I didn't read it!" "I read the first page – and then I threw it out!"** Is this a very clear reason to allow a motion to strike? We don't think so!

52. Otworth claimed that a Judge will usually take a Motion for Summary Judgment under advisement and file a written Order at a later date. Is this a very clear reason to allow a motion to strike? We don't think so!

53. Otworth claimed that Defendant Judge Closz didn't even pretend to be fair and impartial. Is this a very clear reason to allow a motion to strike? We don't think so!

54. Otworth claimed that Defendant Judge Closz had his mind set to dismiss the case before he sat down. Is this a very clear reason to allow a motion to strike? We don't think so!

55. Otworth claimed Defendant Judge Closz dismissed the case for lack of jurisdiction. Is this a very clear reason to allow a motion to strike? We don't think so!

56. Otworth claimed that he said "This court has jurisdiction over fraud and extortion – and that is what this case is all about." Is this a very clear reason to allow a motion to strike? We don't think so!

57. Otworth claimed Defendant Judge Closz said again: "The case is dismissed!" Is this a very clear reason to allow a motion to strike? We don't think so!

58. Otworth claimed that someone, the following day, posted on the internet that Defendant Judge Closz dismissed the case because Otworth failed to state a claim. Is this a very clear reason to allow a motion to strike? We don't think so!

59. Otworth claimed that on February 09, 2011, 52 days after Defendant Judge Closz dismissed the case, and was no longer afraid of being removed from the bench by the Supreme Court that appointed him, signed the Order prepared by Defendants Cook and Franklin. Is this a very clear reason to allow a motion to strike? We don't think so!

60. Otworth claimed that Defendants Cook and Franklin alleged in the Order that the case was dismissed for the reasons stated on the record. Is this a very clear reason to allow a motion to strike? We don't think so!

61. Otworth claimed that he disputed all of the reasons stated on the record, but according to Defendant Judge Closz's boasting he only read the first page of Otworth's Memorandum before he threw it out. Is this a very clear reason to allow a motion to strike? We don't think so!



62. Otworth claimed that witness credibility issues that exist concerning material facts can only be decided by a trial, so the Defendant's Motion for Summary Disposition should have been denied. Is this a very clear reason to allow a motion to strike? We don't think so!

63. Otworth claimed that the Order prepared by Defendants Cook and Franklin for Defendant Judge Closz's signature Ordered Otworth to pay "attorney fees and costs to Defendants as the prevailing party for filing a frivolous lawsuit in the amount of $3,310.00." Is this a very clear reason to allow a motion to strike? We don't think so!

64. Otworth claimed that he couldn't afford to file an appeal because he needed to pay a $25.00 fee to the District Court, a $150.00 fee to the Circuit Court, and post a $3,310.00 bond with Defendant Judge Closz within 7 days. Is this a very clear reason to allow a motion to strike? We don't think so!

65. Otworth claimed that he couldn't raise that much money if he had 7 years to file an appeal. Is this a very clear reason to allow a motion to strike? We don't think so!

66. Defendants Theodore N. Williams, Jr., and Eric C. Grimm, attorneys for all Defendants, claimed that –

> "We have secured a transcript of the hearing about which Otworth makes allegations, and based on the transcript we reasonable believe that Mr. Otworth had difficulty hearing what was actually happening, or has inaccurately remembered what actually occurred."

Is this a very clear reason to allow a motion to strike? We don't think so!

67. Otworth claimed that what was said at the hearing is on an audio recording, and if the transcript states what Defendants Theodore N. Williams, Jr., and Eric C. Grimm, attorneys for all Defendants, claimed that it does – then it is clearly falsified evidence supported by perjury. Is this a very clear reason to allow a motion to strike? We don't think so!

68. Otworth demanded that this audio recording be turned over to the court for safe keeping, because he knows Defendants Theodore N. Williams, Jr., and Eric C. Grimm, attorneys for all Defendants, will destroy the audio rather than have it made public. Is this a very clear reason to allow a motion to strike? We don't think so!

69. Otworth wants the name of the person that allegedly transcribed the audio because witness credibility issues that exist concerning material facts can only be decided by a trial. Is this a very clear reason to allow a motion to strike? We don't think so!

70. Otworth claimed Defendants Theodore N. Williams, Jr., and Eric C. Grimm, attorneys for all Defendants, wants Judge Gordon Jay Quist to dismiss the case so they can avoid filing an Answer to Otworth's Complaint. Is this a very clear reason to allow a motion to strike? We don't think so!

71. Otworth claimed that Defendants Theodore N. Williams, Jr., and Eric C. Grimm, attorneys for all Defendants, know that if they **deny** that the allegations in the Complaint are true they could be prosecuted for making false statements under 18 USC 1001, and sent to prison for 5 years if convicted. Is this a very clear reason to allow a motion to strike? We don't think so!

72. Otworth claimed that Defendants Theodore N. Williams, Jr., and Eric C. Grimm, attorneys for all Defendants, know that if they **admit** that the allegations in the Complaint are true they could be prosecuted for Racketeering under 18 USC 1963, and sent to prison for 20 years if convicted. Is this a very clear reason to allow a motion to strike? We don't think so!

## CONCLUSION

A motion to strike will not be allowed unless there is a very clear reason to do so. Defendants Theodore N. Williams, Jr., and Eric C. Grimm, attorneys for all Defendants, have a very clear reason for doing so – they do not want to go to prison for making false statements, fabricating evidence, perjury, and Racketeering.

For the reasons set forth above, Otworth respectfully requests that Defendants Motion to Strike be **DENIED**, and that monetary sanctions be imposed on Theodore N. Williams, Jr., and Eric C. Grimm, for filing such nonsense!

April 18, 2011

*Clarence Otworth*
Clarence Otworth