UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE OTWORTH,

    Plaintiff,

vs

WILLIAMS, HUGHES & COOK, PLLC,
a corporation, and HAROLD F. CLOSZ, III,
SHON A. COOK, SUSAN M. FRANKLIN,
individuals,

    Defendants.

_____/

File No. 1:11-cv-00206-

Gordon J. Quist
U.S. District Judge

FIRST AMENDED COMPLAINT
FOR DENIAL OF DUE PROCESS
AND FOR RACKETEERING

Jury Trial Demanded

Clarence Otworth, In Pro Per
187 E. Daniels Road
Twin Lake, MI 49457
Telephone: 231-292-1065

Theodore N. Williams, Jr. (P32291)
(aka Defendant Williams, Hughes & Cook)
Attorney for all Defendants
120 W. Apple Avenue, P.O. Box 599
Muskegon, MI 49443-0599
Telephone: 231-726-4857
Fax: 231-727-2130
E-mail:

Eric C. Grimm (P58990)
(aka Defendant Williams, Hughes & Cook)
Attorney for all Defendants
120 W. Apple Avenue, P.O. Box 599
Muskegon, MI 49443-0599
Telephone: 231-727-2111
Fax: 231-727-2130
E-mail:

## COUNT I

Plaintiff alleges the following facts:

1. The jurisdiction of this court is based on 28 USC 1331, and 18 USC 1964 (RICO).

2. Plaintiff Clarence Otworth, (hereinafter referred to as "Otworth"), is a disabled senior citizen. He resides at 187 East Daniels Road, Twin Lake, MI 49457-8745.

3. Defendant Williams, Hughes & Cook, PPLC, (hereinafter referred to as "Village Attorneys"), is an incorporated law firm, and their office address is 120 West Apple Avenue, P.O. Box 599, Muskegon, MI 49443-0599. (The Village of Lakewood Club, 6681 North Automobile Road, Twin Lake, MI 49457, an

unincorporated village that been masquerading as a legitimate Michigan municipality for 43 years, is a lucrative client of this Defendant.)

4. Defendant Harold F. Closz, III, (hereinafter referred to as "Judge Closz"), is an appointed Judge in the 60th District Court, at 990 Terrace Street, Michael E. Kobza Hall of Justice, Muskegon, MI 49442.

5. Defendant Shon A. Cook, (hereinafter referred to as "Cook" or "Village Attorneys"), is a partner in the incorporated law firm of Williams, Hughes & Cook, PPLC, and her office address is 120 West Apple Avenue, P.O. Box 599, Muskegon, MI 49443-0599.

6. Defendant Susan M. Franklin, (hereinafter referred to as "Franklin" or "Village Attorneys"), is an attorney in the law firm of Williams, Hughes & Cook, PPLC, and her office address is 120 West Apple Avenue, P.O. Box 599, Muskegon, MI 49443-0599.

7. On June 28, 1967 the Muskegon County Board of Supervisors compulsorily incorporated the Village of Lakewood Club under the General Law Village Act, 1895, PA 3, MCL 61.1 et seq., as amended. See **EXHIBIT A**, attached hereto.

8. The compulsory incorporation of Lakewood Club was an unconstitutional act – a crime – because:

   A. Compulsory incorporations have been unconstitutional since September 01, 1909.

   B. There are no provisions for the incorporation of villages in the General Law Village Act, 1895 PA 3, MCL 61.1 et seq., as amended.

   C. The only law in Michigan that has provisions for the incorporation of villages is the Home Rule Village Act, 1909 PA 278, MCL 78.1 et seq., as amended.

   D. Chapter One, Incorporation, of the General Law Village Act, 1895 PA 3, MCL 61.1 et seq., which allowed compulsory incorporations, was superseded as to new incorporations by the Home Rule Village Act, 1909 PA 278, MCL 78.1 et seq., on September 01, 1909. See **EXHIBIT B**, attached hereto.

   E. Every County Board of Supervisors in Michigan lost their authority to incorporate villages on September 01, 1909 when the Home Rule Village Act, supra, went into effect because the Home

Rule Village Act requires an election to be held on the question of incorporation by the qualified electors affected by a proposed incorporation.

9. Every incorporated village in Michigan is required to have a Village Charter.

10. Every village incorporated before the Home Rule Village Act went into effect on September 01, 1909 was incorporated under Chapter One, Incorporation, of the General Law Village Act.

11. Every village incorporated under Chapter One, Incorporation, of the General Law Village Act, may adopt the General Law Village Act, as amended, as their Village Charter.

12. Lakewood Club's Village Council adopted the General Law Village Act, as amended, as Lakewood Club's Village Charter.

13. The Village of Lakewood Club was not incorporated before September 01, 1909.

14. The Village of Lakewood Club was not incorporated by Chapter One, Incorporation, of the General Law Village Act.

15. The Village of Lakewood Club was not incorporated by the General Law Village Act, as amended.

16. The Village of Lakewood Club was not incorporated by the Home Rule Village Act, as amended.

17. The Village of Lakewood Club was not incorporated.

18. The Village Charter adopted by Lakewood Club's Village Council was not approved by a majority vote of the qualified electors as required by the Home Rule Village Act, as amended.

19. The Village Council's adoption of the General Law Village Act, as amended, as Lakewood Club's Village Charter was an unconstitutional act – a crime.

20. The Village of Lakewood Club has been operating without a Village Charter for 43 years.

21. The Village Attorneys have known that Lakewood Club is not incorporated (at least) since Otworth discovered the fraud in September 2001.

22. The Village Attorneys have known that Lakewood Club is operating without a Village Charter ( at least) since Otworth discovered the fraud in September 2001.

23. The Village Attorneys know Michigan law prohibits unincorporated villages from enacting zoning ordinances.

24. The Village Attorneys know Lakewood Club enacts zoning ordinances.

25. The Village Attorneys ignore the fact that Lakewood Club is breaking the law by enacting zoning ordinances.

26. The Village Attorneys know Michigan law prohibits unincorporated villages from levying property taxes.

27. The Village Attorneys know Lakewood Club levies a village property tax.

28. The Village Attorneys ignore the fact that Lakewood Club is breaking the law by levying a village property tax.

29. The Village Attorneys know Michigan law prohibits unincorporated villages from receiving a share of Michigan's tax revenue.

30. The Village Attorneys know Lakewood Club receives a share of Michigan's tax revenue.

31. The Village Attorneys ignore the fact that Lakewood Club is breaking the law by receiving a share of Michigan's tax revenue.

32. In July 2002, Lakewood Club's Village Council voted to give public funds to Debra K. Genson, the Village Clerk, so she could take a class in basic accounting at Muskegon Community College. See **EXHIBIT 1**, attached hereto.

33. The use of public funds for private purposes is a crime. It violates Article 7, Section 26, of the 1963 Michigan Constitution.

34. Looking suspiciously like blackmail, Defendant Cook requested Lakewood Club's Village Council to consider sending her to a seminar concerning zoning and land use law. The Village Council voted, on November 29, 2004, to give Defendant Cook the public funds that she requested so she could attend the seminar. This was a crime. See **EXHIBIT 2**, attached hereto.

35. Lakewood Club's Village Council routinely votes to gives public funds to each other for private purposes such as expenditures for essay contests, coloring contests, best lighting contests, best looking yard contests, best costume contests, cash prizes, gifts, clown costumes, the purchase of yard sale signs, parades, fireworks, festivals, and for afternoon parties at the park with hot dogs, chips and pop.

36. The Village Attorneys failure to advise Lakewood Club to stop breaking the law proves complicity, and they should each be disbarred and prosecuted for aiding and abetting the crimes that Lakewood Club commits under color of law.

37. Every June the unincorporated Village of Lakewood Club commits mail fraud, extortion, perjury, and collusion by sending a Tax Bill through the U.S. Mail to the (approximately) 600 people in the United States who own property in the Village of Lakewood Club.

38. Every July Otworth pays the extorted sum demanded by the Village of Lakewood Club for a village property tax by check.

39. Otworth writes the words "Paid under duress – Lakewood Club is not incorporated" on the checks.

40. On October 01, 2010 Otworth filed a Complaint against Lisa Swanson, the alleged Treasurer of Lakewood Club, in the Muskegon County Small Claims Court.

41. Otworth claimed the Village of Lakewood Club could not levy a village property tax because it was not an incorporated village.

42. Defendants Cook and Franklin removed the case to the 60th District Court.

43. On October 13, 2010 Defendants Cook and Franklin filed an Answer to Otworth's Complaint for Lisa Swanson.

44. On November 14, 2010 Defendants Cook and Franklin filed a Motion for Summary Disposition for Lisa Swanson.

45. On December 05, 2010 Otworth filed a 45 page Memorandum of law in opposition to the Motion for Summary Disposition.

46. At the December 13, 2010 hearing on the Motion for Summary Disposition, Defendant Franklin claimed Otworth never responded to the Motion.

47. In response, Otworth said, "What do you mean I never responded to the Motion – didn't you receive my Memorandum?

48. In response, Defendant Franklin said, NO!



5

49. Defendant Judge Closz smiled at Otworth and boasted: "I received a copy of the Memorandum - but I didn't read it!" "I read the first page - and then I threw it out!"

50. A Judge will usually take a Motion for Summary Judgment under advisement and file a written Order at a later date.

51. Defendant Judge Closz didn't even pretend to be fair and impartial. He had his mind set to dismiss the case before he sat down.

52. Defendant Judge Closz dismissed the case for lack of jurisdiction.

53. Otworth said, "This court has jurisdiction over fraud and extortion - and that is what this case is all about." Again, Defendant Judge Closz said, "The case is dismissed!"

54. The following day, according to what someone posted on the internet, Defendant Judge Closz dismissed the case because Otworth failed to state a claim.

55. On February 09, 2011, 52 days after Defendant Judge Closz dismissed the case, and he was no longer afraid of being removed from the bench by the Supreme Court that appointed him, he signed the Order prepared by Defendants Cook and Franklin.

56. Defendants Cook and Franklin alleged in the Order that the case was dismissed for the reasons stated on the record.

57. Otworth disputed all of the reasons stated on the record, but according to Defendant Judge Closz's boasting he only read the first page of Otworth's Memorandum before he threw it out.

58. Witness credibility issues that exist concerning material facts can only be decided by a trial, so the Motion for Summary Disposition should have been denied.

59. The Order prepared by Defendants Cook and Franklin for Defendant Judge Closz's signature Ordered Otworth to pay "attorney fees and costs to Defendant as the prevailing party for filing a frivolous lawsuit in the amount of $3,310.00."

60. To file an appeal, Otworth needed to pay a $25 fee to the District Court, a $150 fee to the Circuit Court, and post a $3,310.00 bond with Defendant Judge Closz within 7 days.

61. Otworth couldn't raise that much money if he had 7years to file an appeal.

62. As a direct consequence of Defendants' perjury and collusion, Otworth was deprived of the administration of justice in accordance with established rules and principles – **DUE PROCESS.**

**WHEREFORE,** Plaintiff demands judgment in the amount of three hundred and fifty thousand dollars ($350,000), together with the costs and disbursements of this action, and for such relief as this court may deem just and proper.

## COUNT II

63. Plaintiff Clarence Otworth hereby alleges and incorporates by reference paragraphs 1 through 61 of COUNT I.

64. The Plaintiff has owned his land since September 02, 1950, seventeen years before Lakewood Club was unconstitutionally compulsorily incorporated in June 1967.

65. Because of decades of perjury and collusion committed by the Village Attorneys to conceal the fact that the Village of Lakewood Club is not incorporated, the Plaintiff has suffered mentally, physically, and financially for 43 years.

**WHEREFORE,** Plaintiff demands judgment in the sum of three hundred and fifty thousand dollars ($350,000), together with costs, and for such relief as this court may deem just and proper.

Plaintiff demands trial by jury.
March 23, 2011

*Clarence Otworth*
Clarence Otworth
187 E. Daniels Road
Twin Lake, MI 49457
(231) 292-1065

### CERTIFICATE OF SERVICE

I, Clarence Otworth, state that I served a true and correct copy of this First Amended Complaint on Theodore N. Williams, Jr., Attorney for Defendant Williams, Hughes & Cook; Eric C. Grimm, Attorney for Defendant Harold F. Closz, III; Defendant Shon A. Cook, and Defendant Susan M. Franklin.

March 23, 2011

*Clarence Otworth*
Clarence Otworth