UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE OTWORTH,

      Plaintiff,

v.

Case No. 1:11-CV-206

HON. GORDON J. QUIST

WILLIAMS, HUGHES & COOK, PLLC,
HAROLD F. CLOSZ, III, SHON A. COOK,
and SUSAN M. FRANKLIN,

      Defendants.
                                     /

## OPINION

Plaintiff, Clarence Otworth ("Otworth"), proceeding *pro se*, filed his Complaint in this case on March 2, 2011, against two attorneys, Shon Cook and Susan Franklin, their law firm, Williams, Hughes & Cook, PLLC, and the Honorable Harold Closz, III, a state district judge of the State of Michigan 60th District Court. According to Otworth, the Village of Lakewood Club was incorporated on June 28, 1967. Otworth claims that this incorporation was illegal, however, because it was not in accordance with Michigan law. Otworth claims that because the Village was not validly incorporated, it was not authorized to collect the property taxes it has been levying on Otworth for the last 43 years. Otworth also claims that the Village illegally uses public funds for private purposes, such as to pay for the Village Clerk to take a course in basic accounting at Muskegon Community College and sponsoring essay, coloring, and best costume contests.

On October 1, 2010, Otworth filed A lawsuit in the Muskegon County Small Claims Court against Village Treasurer Lisa Swanson, alleging that the Village was not properly incorporated under Michigan law and lacked the authority to levy and collect property taxes. Defendants Cook and Franklin, who were representing Swanson, removed the case to the 60th District Court, where

it was assigned to Judge Closz. Swanson thereafter filed a motion for summary disposition, which Judge Closz granted on February 9, 2011.

In the instant case, Otworth alleges in Count I that Judge Closz's decision and order dismissing the state court case was based upon false statements by Defendants Cook and Franklin and therefore violated his right to procedural due process. In Count II, Otworth alleges that the "decades of perjury and collusion committed by the Village Attorneys to conceal the fact that the Village of Lakewood Club is not incorporated" has caused him to "suffer[] mentally, physically, and financially." (Compl. ¶ 65.)

On March 9, 2011, Magistrate Judge Ellen Carmody issued an order granting Otworth leave to proceed *in forma pauperis*. Magistrate Judge Carmody thereafter screened Otworth's Complaint, as she was authorized to do by 28 U.S.C. § 1915(e)(2), to determine whether it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (holding that "§ 1915(e)(2) applies only to in forma pauperis proceedings"). On March 23, 2011, Magistrate Judge Carmody issued a report and recommendation that Otworth's Complaint be dismissed because: (1) to the extent Otworth is challenging Judge Closz's ruling in the state court action, this Court lacks jurisdiction over such a claim, *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S. Ct. 149, 150 (1923); (2) Otworth failed to state a claim for violation of his due process rights; and (3) Judge Closz is entitled to absolute judicial immunity. In addition, Magistrate Judge Carmody recommended that the Court decline to exercise supplemental jurisdiction over Otworth's state law claim in Count II.

As permitted by 28 U.S.C. § 636(b)(1), Otworth has filed an Objection to the Report and Recommendation. Having conducted a *de novo* review of the Report and Recommendation,

Otworth's Objection, and the Complaint, the court concludes that the Report and Recommendation should be adopted.

In his Objection, Otworth indicates his displeasure with the Report and Recommendation but, with the exception of the issue of whether Judge Closz is entitled to judicial immunity, he fails to address any of the bases for the recommendation that his claims be dismissed.[1]  Otworth does not dispute that this Court lacks jurisdiction to review Judge Closz's decision in the state court proceeding and he does not dispute that he fails to state a claim for violation of his due process rights.  The Court concurs with the magistrate judge's analysis on these issues.

With regard to the issue of judicial immunity, Otworth contends that Judge Closz acted in the absence of all jurisdiction because Judge Closz himself determined that he lacked subject matter jurisdiction over Otworth's claim.  This argument lacks merit.  As Magistrate Judge Carmody properly observed, Judge Closz issued his decision on the motion for summary disposition while acting in his judicial capacity.  Thus, Judge Closz is entitled to judicial immunity.

Finally, pointing to his Amended Complaint, Otworth contends that his reference to the Racketeer influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, saves his action from dismissal.  The Court disagrees.  Assuming that Otworth's Amended Complaint was properly filed pursuant to Fed. R. Civ. P. 15(a)(1), his bare reference to the RICO statute is insufficient to state a claim.  To state a civil RICO claim, a plaintiff must establish four elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S. Ct. 3275, 3285 (1985)).  Otworth has not even attempted to allege these

---

[1] Otworth states that Magistrate Judge Carmody notified Defendants that they were being sued, but there is no basis in the record for this allegation.  In fact, there is no indication that summons were ever issued.  The Court notes that on March 7, 2011, two days prior to entry of the Order granting Otworth leave to proceed *in forma pauperis*, defense counsel entered non-document appearances for Judge Closz.

elements or to link them to facts alleged in his Amended Complaint.  Otworth thus has failed to state a RICO claim.

For the foregoing reasons, the Court will adopt the Report and Recommendation.  Otworth's procedural due process claim in Count I of the Amended Complaint will be dismissed with prejudice, and his state law claim in Count II will be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).  Finally, the Court will dismiss as moot: (1) Otworth's motion to set aside the appearance of defense counsel (docket no. 14); (2) Defendants' motion to strike (docket no. 19); and (3) Otworth's motion for order (docket no. 21).

An Order consistent with this Opinion will be entered.

Dated:  April 21, 2011                             /s/ Gordon J. Quist
                                                 GORDON J. QUIST
                                             UNITED STATES DISTRICT JUDGE